FILED

2013 Jun-17  PM 03:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| IAN YEAGER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CASE NO.:** |
| | ) | |
| MAPCO EXPRESS, INC., Owned and | ) | |
| Operated by DELEK US HOLDINGS, | ) | |
| INC., | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## PLAINTIFF'S CLASS ACTION COMPLAINT

---

Plaintiff Ian Yeager ("Plaintiff") hereby brings this class action suit against MAPCO Express, Inc. ("MAPCO" or "Defendant Mapco"), owned and operated by DELEK US HOLDINGS, INC. and DELEK US HOLDINGS, INC. ("DELEK" or "Defendant Delek"), on behalf of himself and other similarly situated individuals. Plaintiff makes the following allegations based upon the investigation undertaken by Plaintiff's counsel, which included, inter alia, information from Plaintiff, review and analysis of Defendants' website and press release, and various news articles and public reports.

### NATURE OF THIS ACTION

1.      Plaintiff brings this class action suit on his own behalf and on behalf of all other persons or entities in the United States against MAPCO and DELEK US HOLDINGS, INC. to redress MAPCO's and DELEK'S failure to adequately safeguard certain credit card and debit card information and related data. More specifically, this action arises from MAPCO's and

DELEK's failure to maintain adequate computer data security of customer credit and debit card data, which was accessed and taken by a computer "hacker." As a result of MAPCO's and DELEK's wrongful actions, customer information was taken from MAPCO's and DELEK's computer network that handles a wide range of financial information for millions of transactions, including credit cards and debit cards linked to checking accounts  Because of MAPCO's and DELEK's actions, many of its customers have had their personal financial information compromised, have had their privacy rights violated, have been exposed to and suffered the risk of fraud and identity theft and the threat of fraud and identity theft, have been the victims of fraud, and have otherwise suffered damages.

**JURISDICTION AND VENUE**

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A 1332(d), as the matter in controversy exceeds $5 million, Plaintiff has diverse citizenship from Defendants MAPCO and DELEK, and there are more than 100 class members.

3.     Venue properly lies in this District pursuant to 28 U.S.C. §1391(a)(2), since the cause of action arose in this District, and the unlawful conduct of Defendant, out of which the cause of action arose, took place in this District.

**PARTIES**

4.     Plaintiff Ian Yeager resides in Northport, Alabama.  Plaintiff made debit card purchases at Defendant's retail facility.  Plaintiff's account information was provided to Defendant via his debit card transaction and Plaintiff's debit/credit card data was subject to release to unauthorized and unknown individuals from MAPCO's and DELEK's computer system.  Plaintiff has been damaged as a result.

2

5.      Defendant MAPCO Express, Inc. is a Tennessee corporation owned and operated by DELEK US HOLDINGS, INC., with its headquarters at 7102 Commerce Way, Brentwood, Tennessee 37027.  MAPCO operates convenient store or "c-store" chains in Tennessee, Alabama, and throughout the southeastern United States.   As noted on its website and related materials, MAPCO Express, Inc., is a wholly-owned subsidiary of Delek US Holdings, Inc. with company headquarters in Brentwood, Tennessee.  MAPCO operates convenience stores in at least seven states under the MAPCO Express®, MAPCO Mart®, East Coast®, Discount Food Mart™, Fast Food and Fuel™, Delta Express®, and Favorite Markets® brand names.  MAPCO is one of the largest company-operated convenience store chains in the United States, and one of the leading "c-store" operators of the southeast.  More than half of the retail segment's store locations are in Tennessee. MAPCO owns the real estate of more than half of the stores it operates.

6.      DELEK US HOLDINGS, INC. is a Tennessee corporation and the parent company of MAPCO Express, Inc., with its headquarters at 7102 Commerce Way, Brentwood, Tennessee 37027.

## OPERATIVE FACTS

7.      MAPCO and DELEK US HOLDINGS, INC. operate retail fuel and convenience stores in the United States.  It offers fountain drinks, coffee, sandwiches, snack items, beverages, beef burgers, cheese steaks, chicken, and ice creams as well as fuel and related services.  The company was incorporated in 2001 and is headquartered in Brentwood, Tennessee.  MAPCO operates as a subsidiary of Delek US Holdings, Inc.

8.      On May 6, 2013, MAPCO first publicly announced that it has been hit by a wide-reaching security breach that may leave thousands of customers exposed to fraud and identify theft from transactions that date back to March 2013.  MAPCO's press release stated, in relevant part:

> Convenience store operator MAPCO Express, Inc. ("MAPCO") has experienced a security breach by third-party hackers that may have compromised the credit/debit card information of certain MAPCO customers.  MAPCO operates convenience stores in Tennessee, northern and central Alabama, northern Georgia, Arkansas, Virginia, southern Kentucky and northern Mississippi under the MAPCO Express®, MAPCO Mart®, East Coast®, Discount Food Mart™, Fast Food and Fuel™, Delta Express®, and Favorite Markets® brand names.
>
> . . .

As noted in the release, through its investigation, MAPCO has learned the following with respect to the intrusion:

- The incident involves credit/debit card payments for transactions at MAPCO locations between March 19-25, April 14-15 and April 20-21.

- MAPCO is notifying potentially affected customers because information may have been stolen that can be used to initiate fraudulent credit and debit card transactions.

- Upon discovering the issue, MAPCO took immediate steps to investigate the incident and further strengthened the security of its payment card processing systems to block future information security attacks.

- MAPCO is working with nationally recognized computer forensics investigation firms and the payment card associations to determine what happened and the extent of the information that may have been compromised.

- MAPCO is also working with law enforcement, including the FBI's Joint Cyber Crime Task Force, to identify the perpetrator.

9.      MAPCO's press release also stated that after the security breach occurred, the Company "further strengthened the security of its payment card processing systems." The Company did not specify the nature of the improvements.

10.     U.S. retailers, including MAPCO and DELEK, are required to follow stringent card-industry rules.  The rules that cover transactions on card branded with logos from Visa, MasterCard International, Inc., American Express Co. and Discovery Financial Services, and others, require merchants to validate a series of security measures, such as the establishment of firewalls to protect databases.  Among other things, merchants are prohibited from storing unprotected cardholder information.

11.     Plaintiff Ian Yeager is at risk for unauthorized transactions and identity theft.

12.     The security breach at MAPCO is currently being investigated by the Federal Bureau of Investigation, and other law enforcement agencies.

13.     Plaintiff Ian Yeager made purchases at MAPCO Express, Inc. facilities during the relevant time period.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this class action, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), on behalf of himself and all others similarly situated, consisting of all persons or entities in the United States who have had personal or financial data stolen from MAPCO's and DELEK's computer network and who were damaged thereby (the "Class").  The Class does not include MAPCO and DELEK, or its officers, directors, agents, or employees.

15.     The Class consists of hundreds and possibly thousands of customers of MAPCO and its subsidiaries located throughout Alabama and the southeast United States, and DELEK. While the exact number of Class members and the identities of individual Class members are unknown at this time, and can only be ascertained through appropriate discovery, based on the fact that thousands of customer accounts have already been affected, the Class is so numerous that joinder of all Class members is impracticable.

16.     Defendant's conduct affected all Class members in exactly the same way. Defendant's conduct in failing to properly safeguard its customers' personal and financial data and in failing to notify customers of the security breach as soon as practical after the breach was discovered is completely uniform among the Class.

17.     Questions of law and fact common to all Class members predominate over any questions affecting only individual members. Such questions of law and fact common to the Class include but are not limited to:

        a.      whether or not Defendant acted wrongfully by failing to properly safeguard its customers' financial data;

        b.      whether or not Defendant failed to notify Class members of the security breach as soon as practical after the breach was discovered; and

        c.      whether or not Plaintiff and the Class have been damaged, and if so, what is the appropriate relief as to each member of the Class.

18.     Plaintiff's claims, as described herein, are typical of the claims of all Class members, as the claims of Plaintiff and all Class members arise from the same set of facts

regarding Defendant's failure to protect Class members' financial data.  Plaintiff maintains no interests that are antagonistic to the interests of other Class members.

19.     Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions of this type.  Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

20.     This class action is a fair and efficient method of adjudicating the claim of Plaintiff and the Class for the following reasons:

a.     common questions of law and fact predominate over any question affecting any individual Class member;

b.     the prosecution of separate actions by individual members of the Class would likely create a risk of inconsistent or varying adjudications with respect to individual members of the Class thereby establishing incompatible standards of conduct for Defendant or would allow some Class members' claims to adversely affect other Class members' ability to protect their interests;

c.     Plaintiff is not aware of any other litigation of these issues ongoing in this State or elsewhere brought by a nationwide class of consumers of MAPCO and DELEK;

d.     this forum is appropriate for litigation of this action since the cause of action arose in this District;

e.     Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

7

f.      the Class is readily definable, and prosecution as a class action will eliminate the possibility of repetitious litigation, while also providing redress for claims that may be too small to support the expense of individual, complex litigation.

21.     For these reasons, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I

## NEGLIGENCE

22.     Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

23.     Defendants MAPCO and DELEK assumed a duty to use reasonable care to keep the credit card and other nonpublic information of the Class that is, or was, in its possession and control private and secure.  By its acts and omissions described herein, Defendant unlawfully breached this duty.  The Class was damaged thereby.

24.     The private financial information of the Class that was compromised by the breach of Defendant's security included, without limitation, information that was being improperly stored and inadequately safeguarded in violation of, among other things, industry rules and regulations.  Those rules and regulations created a duty of reasonable care and a standard of care that was breached by Defendant.

25.     The breach of security was a direct and proximate result of Defendant's failure to use reasonable care to implement and maintain appropriate security procedures reasonably designed to protect the credit and debit card information and other nonpublic information of the

Class. This breach of security and unauthorized access to the private nonpublic information of the Class was reasonably foreseeable.

26.     Defendant was in a special fiduciary relationship with the Class by reason of its entrustment with credit and debit card information and other nonpublic information. By reason of this fiduciary relationship, Defendant had a duty of care to use reasonable means to keep the credit and debit card information and other nonpublic information of the Class private and secure. Defendant also had a duty to inform the Class members in a timely manner when their credit and debit card information and other nonpublic information became compromised. Defendant has unlawfully breached these duties.

27.     Pursuant to Class members' rights to privacy, Defendant had a duty to use reasonable care to prevent the unauthorized access, use, or dissemination of the credit and debit card information and other nonpublic information. Defendant unlawfully breached this duty.

28.     The compromise of the Class' nonpublic information, and the resulting burden, fear, anxiety, emotional distress, loss of time spent seeking to prevent or undo any further harm, and other economic and non-economic damages to the Class, were the direct and proximate result of Defendant's violation of its duty of care.

29.     Defendant had a duty to timely disclose the data compromise to all customers whose credit and debit card information and other nonpublic information was, or was reasonably believed to have been, accessed by unauthorized persons. Disclosure was required so that, among other things, the affected customers could take appropriate measures to avoid unauthorized charges on their accounts, cancel or change account numbers on the compromised cards, and monitor their account information and credit reports for fraudulent charges.

Defendant breached this duty by failing to notify Class members in a timely manner that their information was compromised.  Class members were harmed by Defendant's delay because, among other things, fraudulent charges have been made to Class members' accounts.

30.     Defendant had a duty to use reasonable care to destroy, and not unnecessarily store, credit and debit card information and other personal information of the Class.  By the acts described herein, Defendant negligently breached this duty, and the Class was harmed thereby.

31.     Defendant had a duty to use a security system that would protect Class members' credit and debit card information while that information is on the Defendant's network and to protect that information from being accessed by unauthorized third parties.

32.     Defendant knew or should have known that its network for processing and storing credit and debit card transactions and related information had security vulnerabilities.  Defendant was negligent in continuing such data processing in light of those vulnerabilities and the sensitivity of the data.

33.     As a direct and proximate result of Defendant's conduct, the Class suffered damages including, but not limited to, loss of control of their credit card and other personal financial information; monetary loss for fraudulent charges incurred on their accounts; fear and apprehension of fraud, loss of money, and identify theft; the burden and cost of credit monitoring to monitor their accounts and credit history; the burden and cost of closing compromised accounts and opening new accounts; the burden of closely scrutinizing credit card statements for past and future transactions; damage to their credit history; loss of privacy; and other economic damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests the following relief:

        A.     that this Court certify this action as a Class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), and appoint Plaintiff and his counsel to represent the Class;

        B.     that this Court enter judgment in favor of Plaintiff and the Class, and against Defendants MAPCO and DELEK under the legal theories alleged herein;

        C.     that this Court award damages under the common law theories alleged herein;

        D.     that this Court award attorneys' fees, expenses, and costs of this suit;

        E.     that this Court award Plaintiff and the Class pre-judgment and post-judgment interest at the maximum rate allowable by law; and

        F.     that this Court award such other and further relief as it may deem just and appropriate.

**JURY TRIAL DEMAND**

Plaintiff, on behalf of himself and the Class, demands a trial by jury on all issues so triable.

                              Respectfully Submitted,


                              By:    */s/ Chris Hellums*
                              CHRISTOPHER T. HELLUMS
                              Attorney for Plaintiff

**OF COUNSEL:**

**PITTMAN, DUTTON & HELLUMS, P.C.**
2001 Park Place North, Suite 1100
Birmingham, AL 35203
Telephone:  205-322-8880
Facsimile:  205-278-2711
Email:  chrish@pittmandutton.com

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Pursuant to FRCP 4.1 and 4.2, Plaintiff request service of the foregoing Complaint

by certified mail.

## SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:

MAPCO Express, Inc.
c/o Registered Agent - Richard H. Gill
444 South Perry Street
Montgomery, AL 36104

Delek US Holdings, Inc.
c/o Registered Agent – Thomas B. Kent
7102 Commerce Way
Brentwood, TN 37027-2896

                        By:    /s/ Chris Hellums
                               CHRISTOPHER T. HELLUMS
                               Attorney for Plaintiff